```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHARLES BLAKE KENNEDY,**

   **Plaintiff,**

**v.**         **//   CIVIL ACTION NO. 1:15CV87**
              **(Judge Keeley)**

**GREGORY RIFFLE; WERNER**
**ENTERPRISES, INC., a**
**corporation,**

   **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS COUNT TWO [DKT. NO. 15]**

  On July 22, 2015, the defendants, Gregory Riffle ("Riffle") and Werner Enterprises, Inc. ("Werner") filed a motion to dismiss Count Two of the amended complaint filed by the plaintiff, Charles Blake Kennedy ("Kennedy"). For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES** Count Two of the amended complaint.

### FACTUAL BACKGROUND

  As it must, the Court accepts the factual allegations in Kennedy's amended complaint as true for purposes of the motion to dismiss. Zak v. Chelsea, 780 F.3d 597, 601 (4th Cir. 2015)(citing Matrix Capital Mgmt. Fund, LP v. Bearing Point, Inc., 576 F.3d 172, 176 (4th Cir. 2009)). On May 7, 2013, Kennedy pulled over on the shoulder of Interstate 79 to repair a tire on his vehicle (Dkt. No. 14 at 2). Riffle, an employee of Werner, was driving a tractor

trailer northbound on Interstate 79 at a high rate of speed, when he drifted onto the right shoulder and struck Kennedy. Id. at 2-3. As a result of the collision, Kennedy suffered permanent trauma to his left arm, depression and anxiety, severe emotional distress, shock with injury and damage to the nerves and nervous system, and other serious and permanent injuries. Id. at 6.

On May 26, 2015, Kennedy filed a complaint in the Circuit Court of Monongalia County, West Virginia, alleging one count of negligence and one count of reckless and wanton conduct (Dkt. Nos. 5-2 at 1, 6). On May 19, 2015, Riffle and Werner removed the case, invoking this Court's diversity jurisdiction (Dkt. No. 1 at 2). Riffle and Werner had previously filed an almost identical motion to dismiss Count Two (Dkt. No. 4), which the Court denied as moot on July 2, 2015. That ruling followed a scheduling conference during which the Court had given Kennedy an opportunity to amend his complaint to cure the deficiencies in Count Two (Dkt. No. 13).

Kennedy filed his amended complaint on July 10, 2015, again alleging one cause of action for negligence and one cause of action for reckless and wanton conduct (Dkt. No. 14 at 7-8). On July 22, 2015, Riffle and Werner moved to dismiss Count Two, alleging that Kennedy had failed to plead sufficient facts to support his claim

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COUNT TWO [DKT. NO. 15]**

of reckless and wanton conduct (Dkt. No. 15 at 2). Kennedy filed a brief opposing the motion to dismiss on August 5, 2015 (Dkt. No. 17). The next day, August 6, 2015, the Court adopted the stipulation of the parties and consolidated this case with Shulin v. Werner, Case No. 1:15CV95. Because this motion pre-dated consolidation, however, the Court finds it appropriate to take it up separately.

## LEGAL STANDARD

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. Zak, 780 F.3d at 601. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508

F.3d 181, 188 (4th Cir. 2007) (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

## ANALYSIS

Riffle and Werner argue that Kennedy has pleaded mere legal conclusions in support of his claim of reckless and wanton conduct (Dkt. No. 15 at 2). Count Two of the amended complaint alleges that Riffle, who was not watching the road, "intentionally crossed the solid white line on the right northbound lane of Interstate 79," drove onto the shoulder, and struck him (Dkt. No. 14 at 7). Kennedy further asserts that, although Riffle became aware of his presence on the shoulder of the road, he was driving at a high rate of speed. Id. at 8. According to Kennedy, these facts suffice to support a claim for reckless and wanton conduct (Dkt. No. 17-1 at 2).

In West Virginia, a plaintiff may recover punitive or exemplary damages when the defendant acted with wanton and reckless disregard of his rights. Pendleton v. Norfolk & W. Ry. Co., 95

4

S.E. 941, 944 (W. Va. 1918). A plaintiff alleging the tort of outrage must establish the following elements: (1) that the defendant's conduct was intentional or reckless; (2) that the conduct was outrageous or intolerable, meaning that it offends generally accepted standards of decency or morality; (3) a causal connection between the defendant's conduct and the plaintiff's emotional distress; and, (4) that the plaintiff's emotional distress was severe. Hosaflook v. Consolidation Coal Co., 497 S.E.2d 174, 185 (W. Va. 1997).

Courts have long distinguished between wanton or willful conduct and mere negligence. Groves v. Groves, 158 S.E.2d 710, 713 (W. Va. 1968). Negligence "conveys the idea of heedlessness, inattention, inadvertence; wilfulness and wantonness convey the idea of purpose or design, actual or constructive." Id. (quoting Thomas v. Snow, 174 S.E. 837, 839 (W. Va. 1934)). See Kelly v. Checker White Cab, 50 S.E.2d 888, 893 (W. Va. 1948) (finding no basis for punitive damages when the defendant drove a taxicab in icy conditions, slipping and skidding, at a speed of about 50 to 56 miles per hour).

At the scheduling conference, the Court expressed its concern that Kennedy had essentially pleaded a negligence claim, rather

than facts supporting a claim of outrage. In his amended complaint, filed to remedy the deficiencies of the original complaint, Kennedy failed to allege any new facts, asserting only that the Court can infer malice from Riffle's inattentiveness to the roadway that caused him to drift over the white line and strike Kennedy (Dkt. No. 17-1 at 5).

In the Court's view, Kennedy's claim sounds in negligence; it is absolutely devoid of any factual allegations that Riffle's conduct was outrageous or intolerable. Hosaflook, 497 S.E.2d at 185. It therefore **GRANTS** Riffle and Werner's motion and **DISMISSES** Count Two of the amended complaint.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: August 25, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE